## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

PAT & LARRY                          )
INVESTMENTS, LLC,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          Case No. 4:22-cv-00200-AGF
                                     )
MASTER WHOLESALE & VENDING           )
SUPPLY, INC., et al.,                )
                                     )
          Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Master Wholesale & Vending

Supply, Inc. ("Master Wholesale"), Randall Groth, and Hope Groth's Motion to Dismiss

Plaintiff's Complaint (Doc. No. 5), and Plaintiff Pat & Larry Investments, LLC's Motion

to Remand.  (Doc. No. 8).  Pat & Larry, Investments LLC ("P&L") initially filed this

matter in the Circuit Court of St. Louis County, Missouri, alleging Defendants breached

their obligations to cover the costs of property damage and cleaning pursuant to a

commercial lease (the "Lease") and a guaranty agreement (the "Guaranty").

Defendants removed the matter to this Court on the basis of diversity jurisdiction[1]

and moved to dismiss for failure to state a claim, arguing a subsequent sublease

---

[1]      P&L is a citizen of Missouri and Hope and Randall Groth are citizens of
Wisconsin.  (Doc. No. 1 at 2-3).  Master Wholesale is no longer a legally incorporated
entity.  It was previously incorporated in Wisconsin and articles of dissolution were filed
on December 23, 2020.  *Id*. at 2.
      A federal court must consider the citizenship of a dissolved corporation for
purposes of diversity jurisdiction.  When a state statute renders a dissolved corporation

eliminated their duty to pay for property damage and cleaning costs.  P&L then moved to

remand.  P&L claims the Circuit Court of the City or County of St. Louis Missouri are

the exclusive venues for claims related to the Lease pursuant to a mandatory forum

selection clause.  The motions are fully briefed[2] and ready for disposition.  For the

reasons set forth below, the Court will deny P&L's Motion to Remand and grant

Defendants' Motion to Dismiss.

**Facts**

As alleged in the Complaint, Master Wholesale entered into a commercial lease

with P&L.  (Compl., Doc. No. 1-2 at pp. 3-8, ¶ 9).  The parties executed a lease renewal

agreement, which extended the Lease through January 31, 2019.  *Id*. at ¶ 12.  In

paragraph 7(b) of the Lease, Master Wholesale agreed to keep the property in good

condition and pay for repairs if it neglected to maintain the property:

> [Master Wholesale] shall at its expense and risk maintain all other parts of
> the Premises in good repair and condition, including but not limited to
> repairs [to certain listed items]…[I]n the event [Master Wholesale] should
> neglect to maintain the Premises, [P&L] shall have the right (but not the

"sufficiently alive to sue," the corporation also retains its citizenship for purposes of
diversity jurisdiction.  *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358–59 (3d
Cir. 2013).  *See also Ratermann v. Cellco P'ship*, No. 4:09CV126 DDN, 2009 WL
1139232, at *4 (E.D. Mo. Apr. 28, 2009).  Pursuant to Wisconsin law, "the dissolution of
a corporation does not take away or impair any remedy available to or against the
corporation, its directors, officers or members, for any right or claim existing or any
liability incurred, prior to such dissolution if action or other proceeding thereon is
commenced within 2 years after the date of such dissolution."  Wis. Stat. Ann. §
181.1407 (West 2022).  This action was commenced within two years after the date of
Master Wholesale's dissolution.  As such, for the purposes of jurisdiction, Master
Wholesale is a citizen of Wisconsin.

[2]      P&L has not filed a reply brief in support of their motion for remand and the time
to do so has passed.

obligation) to cause repairs or corrections to be made and any reasonable
costs therefore shall be payable by [Master Wholesale] to [P&L]. . . .

*Id*. at ¶ 10.  Additionally, if Master Wholesale "vacates the property without cleaning,

repairs and maintenance or necessary replacements as contained in this lease, [it] shall

reimburse [P&L] for all associated costs such as cleaning, repairs and maintenance or

replacements…."  *Id*. at ¶ 11.

Defendants Randall and Hope Groth executed a guaranty (the "Guaranty") in

favor of P&L guaranteeing payment of rent and other charges pursuant to the Lease and

performance of Master Wholesale's obligations.  *Id*. at ¶ 21.  The Lease contains a forum

selection clause, which states: "The laws of the State of Missouri shall govern this Lease

and exclusive venue for the enforcement of any action hereunder shall be in the City or

County of St. Louis, Missouri."  (Doc. No. 8-2 at ¶ 45).

On July 13, 2018, Master Wholesale entered into a sublease (the "Sublease," Doc.

No. 5-2) with Performance Food Group, Inc.  ("PFG").  P&L consented to the Sublease.

 For the purposes of clarifying the record, the Court notes that although the

Complaint states that copies of the Lease, Renewal and Guaranty are attached as Exhibits

A, B, and C to the Complaint, no exhibits appear to have been attached to the complaint

as filed in state court and Defendants represent that no copies of the agreement were

attached to the complaint.  Defendants attached as exhibits to their Motion to Dismiss a

copy of the Guaranty, the Sublease, the Lease, and the Renewal.  (Doc. No. 5-2).  P&L

attached copies of the Lease, Guaranty, and Renewal to its Motion to Enforce Forum

Selection Clause.  (Doc. Nos. 8-1, 8-2 and 8-3).  No party disputes the authenticity of any

3

such documents.  Although the Sublease was not attached to or referenced by the Complaint, the Court may consider it, as it is "embraced by the pleadings."  *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 527 (8th Cir. 2017) (finding documents refuting plaintiff's allegation that he did not give express consent to defendant were embraced by the complaint); *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (document construed as amending the contract embraced by complaint for breach of contract).

Plaintiff claims Master Wholesale breached the Lease "by failing to abide by the terms and conditions as required by the Lease and Renewal in failing to pay P&L for property damage and cleaning costs."  (Compl. at ¶ 14).  P&L further states it sustained $406,058.00 in property damage and $261,605.05 in cleaning costs.  *Id*. at ¶ 16.  Plaintiff claims Randall and Hope Groth are also liable for damages because they failed to fulfill their obligations pursuant to the Guaranty.

## I.      Motion to Remand

The Court will first determine whether Defendants waived their right to remove this matter to federal court through a forum selection clause in the Lease.   The forum selection clause states: "The laws of the State of Missouri shall govern this Lease and exclusive venue for the enforcement of any action hereunder shall be in the City or County of St. Louis, Missouri."  (Doc. No. 8-2 at ¶ 45).  Defendants respond that they did not waive their right to remove to federal court, as the forum selection clause does not specify that the venue must be in state court, only that it must be in St. Louis City or County.

"A forum selection clause can act as a waiver of a defendant's right to remove an action to federal court." *Magness Oil Co. v. Piedmont Fields, LLC,* No. 3:11–CV–03104, 2012 WL 1884902 at *3 (W.D. Ark. May 23, 2012) (citing *iNet Directories, LLC v. Developershed, Inc.,* 394 F.3d 1081 (8th Cir. 2005) (finding that a "contract's forum selection clause unambiguously prohibited [Defendant] from objecting to venue by removing the case to federal court")).  There is a strong presumption in favor of finding forum selection clauses valid and enforceable.  *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 65 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations."); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972).  Where, as here, there is no allegation of fraud or overreaching in procurement of the forum selection clause, the only issue the Court need consider is whether the language of the clause acts as a waiver of the right to remove the case to federal court.  *See Babe Winkelman Prods., Inc. v. Sports Design and Dev., Inc.*, No. Civ. 05–2971 DWF/RLE, 2006 WL 980821, at *2 (D. Minn. Apr. 7, 2006).  Any contractual waiver of the right to remove must be "clear and unequivocal."  *See Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).

The Court finds the forum selection clause does not include a clear and unequivocal waiver of the right to remove.  P&L misreads the clause, arguing it "specifies that the *Circuit Courts* for St. Louis City or County" are the exclusive venue. (Doc. No. 9 at 3) (emphasis added).  However, the clause does not specify that venue must be in the Circuit Courts.  Instead, it states that the exclusive venue "shall be in the

City or County of St. Louis, Missouri." (Doc. No. 8-2 at ¶ 45). Courts have recognized that in this context, "the word 'in' imposes a geographic limitation." *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir. 2019). "[W]hen a federal court sits in a particular county, the district court is undoubtedly 'in' that county." *Smirnoff v. Expedia*, *Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011). Thus, "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county." *Id.* at 1207; *accord*, *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008); *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). *See also Freedom Smokeless, Inc. v. Rapid Dev. Servs., Inc.*, No. 4:15-cv-00771 AGF, 2015 WL 5735201, at *5 (E.D. Mo. Sept. 29, 2015). Here the federal court sits in St. Louis City. 28 U.S.C. §105(a)(1).

The cases cited by P&L do not suggest otherwise. The clauses in those cases each referenced a particular court. *See*, *e.g.*, *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1705 CAS, 2016 WL 427959, at *2 (E.D. Mo. Feb. 4, 2016) (forum selection clause designated "the Circuit Court for St. Louis County, Missouri as the 'sole and exclusive venue' for any litigation arising out of or relating to the agreement"); *Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 928 (D.S.D. 2013) (forum selection clause stated "the state court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any dispute relating to this Agreement"); *Magness Oil Co.*, 2012 WL 1884902, at *2 (forum selection clause stated: "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas" (alteration in original)). As such, the

6

Lease does not clearly and unequivocally waive Defendants' right to remove this action, and this Court has subject matter jurisdiction over P&L's claims.

## II.   **Defendants' Motion to Dismiss**

Defendants move to dismiss P&L's complaint for failure to state a claim.  P&L raised two counts: a claim for breach of contract against Master Wholesale (Count I) and a claim for breach of the Guaranty against Randall and Hope Groth (Count II). Defendants claim P&L failed to state a claim for breach of contract against Master Wholesale for two reasons.  First, Defendants claim that, pursuant to the Sublease, Master Wholesale is not liable for any cleaning costs or property damage that occurred after July 13, 2018.  P&L did not allege the cleaning costs or property damage were incurred prior to July 13, 2018.  As such, Defendants argue P&L failed to adequately state a claim against it for breach of the Lease.  In the alternative, Defendants contend P&L failed to allege specific facts showing Master Wholesale is liable for any damages. Defendants further claim P&L failed to state a claim against Randall and Hope Groth for breach of the Guaranty because it did not allege Master Wholesale is in breach.  P&L contends that it was not required to specify when the damages were incurred and its allegations are sufficient to state a claim against Master Wholesale, Randall Groth, and Hope Groth.  For the reasons set forth below, the Court concludes that P&L has failed to state a claim.

### a.  **Legal Standard**

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### b.  Discussion

Defendants first argue that P&L has failed to state a claim because it did not allege its damages were sustained prior to July 13, 2018.  Defendants claim that, pursuant to the Sublease, P&L agreed that Master Wholesale was liable for repair and maintenance prior to July 13, 2018 and "PFG was responsible thereafter."  (Doc. No. 6 at 4) (citing the Sublease, Doc. No. 5-2, at 1-3, 6-7, 10).  Defendants reference the Landlord Consent to Sublease, which states:

> [P&L] does hereby consent to the sublease of the Premises . . . upon the terms and conditions of said Sublease, including without limitation, the repair, maintenance, and surrender obligations of the Subtenant [PFG] and *Landlord [P&L] shall look solely to Sublandlord [Master Wholesale] as to (i) the maintenance, repair, or replacement of any item or condition that exists as of the Effective Date [7/13/18]*, (ii) the removal of any alterations, additions or improvements made in or upon the Premises prior to the Effective Date [7/13/18], and (iii) the liability for any act or omission made by Sublandlord [Master Wholesale] under this Prime Lease.

(Doc. No. 5-2 at 9) (emphasis added).

Defendants argue this language limits Master Wholesale's obligations for cleaning or repair costs to conditions that existed prior to July 13, 2018.  However, the language states only that P&L shall look to Master Wholesale, and not PFG, for conditions that

existed as of July 13, 2018.  The Landlord Consent to Sublease is silent on Master Wholesale's liability for conditions after July 13, 2018.

Defendants do not identify any other language in the Sublease that would render PFG solely liable for property damage or cleaning costs after July 13, 2018, nor can the Court identify any such language.  Other language in the Sublease suggests that Master Wholesale's obligations pursuant to the Lease continue under the Sublease.  *See* Sublease at 2.  ("all of the terms and conditions contained in the Prime Lease are incorporated herein as terms and conditions of the Sublease ").  Defendants have not shown that the Sublease unambiguously eliminates Master Wholesale's liability for property damage or cleaning costs incurred after July 13, 2018, so dismissal is not warranted based on their first argument.  *See Olympus Ins. Co. v. AON Benfield, Inc.*, 711 F.3d 894, 898 (8th Cir. 2013).

In the alternative, Defendants argue P&L has failed to state a claim because it has not alleged specific facts to show it breached the Lease.  To plead a claim for breach of contract under Missouri law, a plaintiff must allege sufficient facts to establish breach of the contract by the defendant.  *See Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).  Although the Court must accept factual allegations as true when considering a motion to dismiss, it may ignore legal conclusions, unsupported conclusions, and unwarranted inferences.  *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

P&L alleged Master Wholesale breached the Lease "by failing to abide by the terms and conditions as required by the [Lease] in failing to pay P&L for property

damage and cleaning costs." (Compl. at ¶ 14).  P&L further alleges that it sustained $406,058.00 in property damage and $261,605.05 in cleaning costs.  *Id*. at ¶ 16.  P&L does not identify which "terms and conditions" of the Lease Master Wholesale allegedly breached, rather, the complaint merely references several clauses in the Lease—one which obligates Master Wholesale to pay for certain "repairs or corrections," and one which requires Master Wholesale to pay for certain cleaning costs.  *Id*. at ¶¶ 10, 11.

These allegations are nothing more than legal conclusions.  P&L has failed to allege sufficient facts to establish a breach of contract by Master Wholesale.  The Lease does not require Master Wholesale to pay for all property damage and cleaning costs.  Instead, Master Wholesale is liable for the costs of "repairs or corrections" if it "neglect[s] to maintain the Premises."  *Id*. at ¶ 10.  Similarly, Master Wholesale is liable for cleaning costs if it vacates the property without cleaning, maintenance, or necessary replacements.  *Id*. at ¶ 11.  P&L alleges Master Wholesale did not pay for property damage or cleaning costs but has not alleged any specific facts showing Master Wholesale was liable for those costs.  *See Affordable Communities of Missouri v. Fed. Nat. Mortg. Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013) (finding allegations that Defendant "materially breached the covenant of good faith and fair dealing in the Note and Security Instrument" without more are insufficient to survive a motion to dismiss).  As such, P&L has failed to state a claim for breach of contract, and its claim against Master Wholesale must be dismissed.

P&L's claim against Randall and Hope Groth for breach of the Guaranty likewise fails to state a claim.  "A guarantor agrees to become secondarily liable for the obligation

of a debtor in the event the debtor does not perform the primary obligation." *Jamieson-Chippewa Inv. Co. v. McClintock*, 996 S.W.2d 84, 87 (Mo. Ct. App. 1999).  P&L has not adequately alleged that Master Wholesale failed to perform under the Lease, and as such it has not stated a claim for breach of the Guaranty.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**. (Doc. No. 8).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.  (Doc. No. 5).  This case is **DISMISSED without prejudice**.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2022.

11